### In re BLACKMORE, Debtor.

*(District Court, W. D. Pennsylvania. March, 1882.)*

1. COMPOSITION WITH CREDITORS—ON WHOM NOT BINDING.
   A creditor whose name did not appear in the statement of the debtor or otherwise in composition proceedings, and whose debt was not mentioned, is not bound thereby.

2. SAME—STATUS OF CREDITOR.
   Such creditor, more than six years after final confirmation of the composition, presented his petition to compel mortgage trustees, under the composition, to settle an account. *Held*, that he had no *status* to maintain such petition, having no interest in the trust.

In Bankruptcy. *Sur* petition of Martin Lutz, filed June 11, 1881, and motion to dismiss the same.

*Morton Hunter* and *J. Scott Ferguson*, for petitioner.

*Malcolm Hay*, for debtor.

ACHESON, D. J. These proceedings originated in a creditors' petition against Thomas J. Blackmore, filed October 24, 1874. There was, however, no adjudication, the debtor having offered terms of composition, which were accepted. By the order of December 4, 1874, directing that the resolution be recorded, etc., it was adjudged that the composition "shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor as produced at the meeting at which the resolution was passed." This was in accordance with the provisions of the statute, which also expressly enacts that a composition "shall not affect or prejudice the rights of any other creditors." Now the debtor's statement made no mention of Martin Lutz, or the debt now alleged to be due him; nor does his name appear in the schedules or otherwise. His first connection with the proceedings was when he filed his petition, on June 11, 1881. That he was not bound or affected in anywise by the composition is certain. What right, therefore, has he to interfere in this summary manner, to bring Messrs. Everson and Smith to an account? He is not "a person interested" in the composition, within the meaning of the act of congress. In short, he is a stranger to the composition.

Everson and Smith were not appointed trustees in bankruptcy under section 5103, Rev. St. They were merely mortgagees in trust for those creditors who were parties to the composition, either by active participation in the proceedings, or by legal intendment. Lutz is no such party. To him the trust mortgagees owe no duty. Moreover, to admit him now to participate with the creditors named in the debtor's statement in the proceeds of the mortgages, would be a great injustice to those creditors, for in accepting the composition they acted in ignorance of his claim. If Lutz had any remedy in this court he lost it by his gross laches. His attempted intervention, on June 11, 1881, was too late for any purpose.

I may add that it does not appear that the mortgage trustees realized anything from the property of Blackmore himself. If they have any moneys in their hands they came from the wife's estate, pledged to secure the composition. This was admitted at the argument. In that fund Lutz never had any interest. The wife's property was not mortgaged for his benefit.

I express no opinion upon the first and second reasons assigned in

support of the motion to dismiss the petition of Lutz. But the third reason, which I have discussed, must prevail.

And now, March 25, 1882, it is ordered and adjudged that the petition of Martin Lutz be dismissed, with costs.